# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Jose Juarez-Zepeda,<br><br>    Defendant. | CR-11-3264-TUC-DCB-DTF<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Jose Juarez-Zepeda's Motion to Dismiss Indictment. (Doc. 23.) The government filed a response. (Doc. 28.) This matter came before Magistrate Judge Ferraro for a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. The Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's Motion to Dismiss.

## I. FACTUAL BACKGROUND & DISCUSSION

The parties are in agreement as to the basic background facts. On or about July 27, 2008, Defendant entered and was found in the United States after having been denied admission, excluded, deported and removed from the country on October 22, 2006.[1] On

---

[1] An INS detainer was placed on Defendant in 2008. Defendant contends this was effective August 13, 2008. (Doc. 23 at 3.) Based on the Arizona Department of Corrections website, the Government uses the date of December 9, 2008, but notes that the federal agents indicated the detainer was placed July 27, 2008. (Doc. 28 at 1 & n.1.)

1 December 2, 2008, Defendant was convicted of Possession of Marijuana for Sale in an Arizona Superior Court and sentenced to 3.5 years in prison. Upon completion of his state court sentence, Defendant was charged with violating 28 U.S.C. § 1326(b)(2) by way of Complaint on August 23, 2011 (Doc. 1) and indicted on September 21, 2011 (Doc. 5).

Defendant requests dismissal based on delayed prosecution, due to the three-year period between commission of the alleged offense and the charge. To establish a due process violation arising from pre-indictment delay, a petitioner must demonstrate actual prejudice resulting from the delay. *United States v. Lovasco*, 431 U.S. 783, 790 (1977). Defendant argues that he was prejudiced by the delay because it foreclosed his ability to negotiate for a concurrent state and federal sentence.

Under the federal sentencing scheme, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a); *see also* U.S.S.G. §5G1.3(c). Although the federal court would have had discretion to impose a concurrent sentence if Defendant was still serving his state sentence, Defendant had no entitlement to one. Thus, Defendant fails to establish actual prejudice arising from the alleged delay.

## II. **RECOMMENDATION**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendant's Motion to Dismiss (Doc. 23).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

DATED this 23rd day of February, 2012.

D. Thomas Ferraro
United States Magistrate Judge